**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. DOWDY,<br><br>        Plaintiff,<br><br>   v.<br><br>S. RAMAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00058-AWI-GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND AS MOOT<br><br>(Doc. 7) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Danny R. Dowdy ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 14, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Plaintiff's Claims

The events giving rise to the claims at issue in this action allegedly occurred at California State Prison-Corcoran, where Plaintiff was incarcerated at the time. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution arising from prison officials' failure to provide him with proper and/or adequate medical treatment following unsuccessful shoulder replacement surgery. Plaintiff is seeking money damages and completion of his shoulder surgery.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

---

[1] Because Plaintiff is no longer incarcerated, his claim for injunctive relief is moot and this action shall proceed as one for money damages only. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

2

1  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
2 pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d
3 at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or
4 intentionally interfere with medical treatment, or it may be shown by the way in which prison
5 physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).
6 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
7 further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
8 needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
9 407 (9th Cir. 1985)).

10  Plaintiff names five defendants, but only describes the alleged actions of one. Plaintiff has
11 adequately alleged the existence of a serious medical need, and his allegations are sufficient to state
12 a claim for relief against Defendant Raman. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct.
13 2197, 2200 (2007); Alvarez v. Hill, 2008 WL 659570, No. 06-35068, *3 (9th Cir. Mar. 13, 2008).
14 However, Plaintiff has not alleged any facts linking the other four named defendants to an act or
15 omission which demonstrates a violation of his rights. Plaintiff will be provided with the
16 opportunity to cure this deficiency in an amended complaint.

17 **IV.   Motion to Amend**

18  On January 24, 2008, Plaintiff filed a motion seeking leave to amend to his claim for relief.
19 In light of this order, Plaintiff's complaint shall be dismissed with leave to amend. Plaintiff's motion
20 is therefore moot and shall be denied on that ground.

21 **V.   Conclusion and Order**

22  Plaintiff's complaint states a claim against Defendant Raman but fails to state any claims
23 against the other four defendants. The Court will provide Plaintiff with the opportunity to file an
24 amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not
25 change the nature of this suit by adding new, unrelated claims in his amended complaint. George
26 v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

27  Plaintiff is informed that he must demonstrate in his complaint how the conditions
28 complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625

F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. Plaintiff's motion seeking leave to amend, filed January 24, 2008, is DENIED as moot;

3. The Clerk's Office shall send Plaintiff a complaint form;

4

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

5. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:** **April 24, 2008**         /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE